IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00561-LTB-KLM

KIRK A. MARSHALL,

    Plaintiff,

v.

MAGISTRATE DIANE J. DUPREE, Denver District Court,

    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant's Motion to Dismiss** [Docket No. 8; filed April 4, 2008] ("Motion to Dismiss").[1] The Court has reviewed the Motion to Dismiss, Plaintiff's Response to Motion to Dismiss [Docket No. 16; filed June 9, 2008] ("Response"), Plaintiff's Complaint for Declaratory Decree [Docket No. 1; filed March 19, 2008] ("Complaint"), the entire case file, and the applicable case law and is sufficiently advised in the premises.

Pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. L. Civ. R. 72.1(C)(3), the Motion to Dismiss has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the Motion to Dismiss be **GRANTED**.

---

[1] The parties have referred to themselves as "Petitioner" and "Respondent." The proper party designations in this Court are "Plaintiff" and "Defendant." All future pleadings shall contain the appropriate party designations.

## I. Factual Background

Plaintiff, who is an attorney proceeding *pro se*,[2] and his former wife, Karen Marshall ("mother"), are involved in a state court child custody and visitation dispute, *Kirk A. Marshall v. Karen W. Marshall*, No. 05 DR 1049 (Denver Dist. Ct.), over which Defendant presides as a District Court Magistrate. *Complaint* [#1] ¶ 8, at 2. On March 28, 2006, Defendant presided over an emergency evidentiary hearing regarding allegations of child endangerment. *Id.* at 2. Based on evidence presented at the hearing, which included a letter from a psychologist and a Human Services investigation, Defendant entered a temporary order that Plaintiff could have unrestricted telephone contact with his daughter, but visitation would be limited to supervised visits in Alabama. *Id.* Ex. B at 1. Moreover, Defendant noted that the Child and Family Investigator's ("CFI") report regarding child endangerment allegations made by the mother was not "favorable to [the] father." *Id.* On June 8, 2007, Defendant ordered, based upon the recommendations by the CFI and other investigative agencies, that Plaintiff's supervised visits in Alabama continue until further orders. *Id.* Ex. B at 2.

Since 2006, Plaintiff's child custody and visitation trial has been continued four times. *Id.* Ex. B at 2. Further, the mother's counsel has withdrawn from the case due to a "genuine fear of repercussions" from Plaintiff. *Id.* Exs. C at 3 & D. Because Plaintiff is an attorney who files "many sophisticated motions," Defendant initially ordered that the child custody and visitation matter could not go to trial until the mother secured new

---

[2] While the Court "generally construe[s] *pro se* pleadings liberally, the same courtesy need not be extended to licensed attorneys." *Mann v. Boatright*, 477 F.3d 1140, 1148 n.4 (10th Cir. 2007) (citations omitted).

2

counsel because she would "suffer <u>severe prejudice</u> if forced to proceed *pro se* . . . ." *Id.* Ex. C at 3-4 (emphasis added).

On October 18, 2007, Plaintiff filed a motion that sought invalidation of the temporary order regarding supervised visits on procedural grounds. *See id.* Ex. A at 1-2. In an order entered February 6, 2008, Defendant denied this motion and refused to "dismiss allegations of endangerment to a minor child based on an inflexible application of procedural rules, abuses of discovery, or one party's interpretation of the facts." *Id.* Ex. B at 1-2. However, within the February 2008 order, Defendant invited Plaintiff to file a motion to reset the trial, regardless of whether the mother had retained new counsel. *Id.* Ex. B at 2.

Plaintiff seeks a declaratory decree from this Court that Defendant "is engaging in a pattern of exercising her judicial discretion to deprive under color of state law [Plaintiff's] due process [and] equal protection . . . " rights. *Id.* at 1. Plaintiff asserts that Defendant erroneously deprived him of parenting time by ignoring procedural rules and Colorado child endangerment law (Colo. Rev. Stat. § 14-10-129(1)(b)(I)), and thereby denied him due process. *Id.* ¶¶ 14 & 20, at 4. In addition, Plaintiff asserts that Colo. Rev. Stat. § 14-10-129(1)(b)(I) is unconstitutional as applied because it is primarily used by mothers to restrict fathers' parenting time rights, thereby denying him equal protection. *Id.* ¶¶ 25-28, at 5.

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendant filed a motion to dismiss for lack of jurisdiction over the subject matter. *Motion to Dismiss* [#8]. Defendant argues that, despite Plaintiff's claim pursuant to 42 U.S.C. § 1983 for alleged violation of constitutional rights, the Court lacks subject matter jurisdiction pursuant to the *Younger* abstention doctrine. *Id.* at 4-7. In the alternative, Defendant argues that the *Rooker-Feldman* doctrine and the domestic relations exception to subject-matter jurisdiction also prohibit federal court

jurisdiction. *Id.* at 7-11.

In the Response, Plaintiff argues that the *Younger* abstention doctrine does not apply to this action. *Response* [#16] at 2. First, Plaintiff argues that Defendant's "ignorance of [Colorado] statutes and rules of civil procedure" denies him an adequate remedy at law. *Id.* at 2-3. Second, Plaintiff argues that Defendant's bias in the child custody proceedings warrants an exception to the *Younger* abstention doctrine. *Id.* at 3. Third, Plaintiff questions the legitimacy of Colorado's state judicial system and argues that the Colorado state courts are incapable of fairly and fully adjudicating his federal claims. *Id.* Finally, Plaintiff argues that both he and his child will suffer irreparable injury if the Court does not intervene in the child custody proceedings. *Id.* at 3-4. Plaintiff's Response does not address the *Rooker-Feldman* doctrine or the domestic relations exception to subject matter jurisdiction, which are Defendant's alternative grounds for dismissal.

## II. Standard of Review

Pursuant to Rule 12(b)(1), a party may assert the defense of lack of subject-matter jurisdiction by motion. Fed. R. Civ. P. 12(b)(1). When reviewing a motion to dismiss pursuant to Rule 12(b)(1) that facially attacks the complaint, the District Court accepts allegations in the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). In addition, regardless of whether a motion to dismiss is pending, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See* Fed. R. Civ. P. 12(h)(3).

## III. Analysis

The Court has "original jurisdiction of all civil actions arising under the Constitution [or] laws . . . of the United States." 28 U.S.C. § 1331. Complaints, such as Plaintiff's, that

4

allege deprivation of one's constitutional rights to due process and equal protection of law ordinarily fall within the Court's original jurisdiction because the action involves a federal question. *See* U.S. Const. amend. XIV § 1. Moreover, federal law provides that "[e]very person who, under color of any [law] . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. Section 1983 also provides for immunity of judicial officers, who are acting in their judicial capacity, from injunctive relief unless a declaratory decree was violated or declaratory relief is unavailable. *Id.*

As a general rule, the Court has a strict duty to "adjudicate a controversy properly before it." *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188 (1959). However, the Court must abstain from exercising federal subject-matter jurisdiction in certain exceptional circumstances where an important countervailing interest would clearly be served. *Id.* at 189. The Supreme Court has grouped circumstances appropriate for abstention into three general categories: (1) cases presenting a federal constitutional issue which might be mooted by a state court determination of state law, (2) cases presenting difficult questions of state law with substantial public policy implications, and (3) cases invoking federal jurisdiction for the purpose of restraining state administrative functions or state court proceedings. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 814-16 (1976).[3] "[T]he authority of a federal court to abstain from exercising its

---

[3] In *Colorado River*, the Supreme Court appeared to narrowly confine this third general category of circumstances appropriate for abstention to state criminal proceedings, *Younger v. Harris*, 401 U.S. 37 (1971), state nuisance proceedings antecedent to criminal prosecution, *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975), and collection of state taxes, *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293 (1943). *Colo. River*, 424 U.S. at 816. However, both prior to and since *Colorado River,* the Supreme Court has interpreted this third general category

5

jurisdiction extends to all cases in which the court has discretion to grant or deny relief." *Quackenbush*, 517 U.S. at 718. "[I]n cases where the relief being sought is equitable in nature or otherwise discretionary, federal courts . . . have the power to . . . decline to exercise jurisdiction altogether by either dismissing the suit or remanding it to state court."[4] *Id.* at 721.

The primary sources "for [our] longstanding public policy against federal court interference with state court proceedings . . . are plain. One is the basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Younger*, 410 U.S. at 43-44. The other primary source is:

> the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.

*Id.* at 44.

Pursuant to the *Younger* abstention doctrine, federal courts must abstain from

---

as encompassing all cases which request equitable relief, such as an injunction or declaratory judgment, which would interfere with state civil functions. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 719 (1996); *Juidice v. Vail*, 430 U.S. 327, 334 (1977) (holding that "the principles of *Younger* and *Huffman* are not confined solely to the types of state actions which were sought to be enjoined in those cases")*; Huffman v. Pursue, Ltd.*, 420 U.S. 592, 594 (1975) (holding that the *Younger* abstention doctrine applies not only to state criminal proceedings, but also to "state proceeding[s] [that are] civil in nature").

[4] Federal abstention doctrines are rooted in our history of equity jurisdiction. *See Quackenbush*, 517 U.S. at 717; *see also Burford v. Sun Oil Co.*, 319 U.S. 315, 317 (1943) (holding that "[a]lthough a federal equity court does have jurisdiction of a particular proceeding, it may, in its sound discretion . . . 'refuse to enforce or protect legal rights . . . the exercise of which may be prejudicial to the public interest[,]' . . . '[such as the public interest regarding] the rightful independence of state governments in carrying out their domestic policy'") (citations omitted)).

exercising subject-matter jurisdiction so as not to "interfere with state court proceedings by granting equitable relief – such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings – when such relief could adequately be sought before the state court."  *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).  Although federal courts ordinarily have a "virtually unflagging obligation" to exercise subject-matter jurisdiction, the *Younger* abstention doctrine is an exception to this general rule, and it is only implicated when a party invokes federal jurisdiction for the purpose of interfering with ongoing state court proceedings.  *See Huffman*, 420 U.S. at 594; *Younger*, 401 U.S. at 55; *Colorado River*, 424 U.S. at 817.  Moreover, pursuant to the *Younger* abstention doctrine, federal intervention with state court proceedings is only justifiable in extraordinary circumstances, such as when there is an express authorization by Act of Congress, clear showing of criminal prosecution in bad faith or for harassment, or danger of great and immediate irreparable harm if the federal court did not enjoin state officers from instituting criminal actions.  *See Younger*, 401 U.S. at 45-46, 54; *see also* 28 U.S.C. § 2283.

The Tenth Circuit applies a three-part test to determine whether the *Younger* abstention doctrine should apply to a case.  According to the well-established caselaw, the *Younger* abstention doctrine "requires [federal courts to decline to exercise jurisdiction] when federal proceedings would (1) interfere with an ongoing state judicial proceeding (2) that implicates important state interests and (3) that affords an adequate opportunity to raise the federal claims."  *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1291 (10th Cir. 1999) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

7

The Court addresses whether the *Younger* abstention doctrine is appropriately applied in this action by discussing the three-prong test set forth in *Valdez*, 186 F.3d at 1291.

**A.  Interference with Ongoing State Judicial Proceeding**

Defendant argues that there is an ongoing state civil proceeding with which this federal court proceeding would interfere.  *Motion to Dismiss* [#8] at 5.  Pursuant to the *Younger* abstention doctrine, federal courts must abstain from exercising jurisdiction when ongoing state judicial proceedings concern the same subject matter as the federal claims. *See Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005)*; Wideman v. Colorado*, 242 Fed. Appx. 611, 614 (10th Cir. Oct. 1, 2007) (unpublished decision).  For example, in *Wideman*, the Tenth Circuit held that federal courts lack jurisdiction over a father's 42 U.S.C. § 1983 claim because that claim concerned his parental rights, which were being adjudicated in an ongoing Colorado state court child custody proceeding.  *Wideman*, 242 Fed. Appx. at 614.  Similarly, in *Hunt*, the Tenth Circuit held that it lacked jurisdiction over a father's civil and constitutional rights because the underlying matters concerned state court child custody proceedings.  *Hunt*, 427 F.3d 726-27.

In the case at bar, Plaintiff argues that it would be "frivolous" to apply the *Younger* abstention doctrine because it only applies to "state-initiated proceedings." *Response* [#16] at 2.  The Court interprets this argument as asserting that the *Younger* abstention doctrine only applies when federal court proceedings would interfere with ongoing state criminal proceedings.  To the contrary, the *Younger* abstention doctrine applies to any federal court proceeding that would interfere with state judicial functions, which includes state criminal

8

and civil proceedings.  *See supra* note 3.

Plaintiff's complaint establishes that the ongoing child custody proceedings in the Denver District Court form the basis of his constitutional claims.  *See Complaint* [#1]. Plaintiff claims that Defendant, while acting in her judicial capacity regarding the ongoing state court child custody and visitation proceeding, has used her judicial discretion to restrict his parenting time, thereby depriving him of due process and equal protection under color of law.  *See id.* at 1-2.  Although Defendant has restricted Plaintiff's parenting time, this restriction is based on a temporary order, and Plaintiff still awaits a full evidentiary hearing regarding the child endangerment allegations and his child custody and visitation trial.  *See id.* Ex. B at 1-2.  Moreover, Plaintiff has filed a motion for review of Defendant's order with the state district court.  *Motion to Dismiss* [#8] at 3, Ex. 2.[5]

Accordingly, the Court finds that Plaintiff's federal claims clearly involve matters still pending in the Colorado state courts and a declaratory decree by this Court would interfere with those courts' adjudication of those matters.  This action satisfies the first prong of the *Younger* abstention doctrine test.

**B.  Important State Interests**

Defendant argues that the ongoing state judicial proceedings implicate important state interests.  *Motion to Dismiss* [#8] at 6.  Plaintiff seeks a declaratory decree from this Court that Defendant, while presiding over state court child custody and visitation proceedings, deprived him of due process and equal protection by restricting his parenting time.  *Complaint* [#1] at 4-5.  Pursuant to 42 U.S.C. § 1983, judicial officers, who are acting

---

[5] Plaintiff does not dispute filing a Motion for Review in his Response.  The court record reflects the filing.

in their judicial capacity, have immunity from injunctive relief unless they have violated a declaratory decree. A declaratory decree issued by this Court would lay the groundwork for enjoining Defendant in relation to her official judicial duties and would have the ultimate practical effect of federal intervention in the state court's child custody and visitation proceedings.

It is well established that states have an important interest in child custody proceedings. *See, e.g.*, *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (holding that federal courts lack jurisdiction over domestic relations cases brought pursuant to diversity jurisdiction)*; Ex parte Burrus*, 136 U.S. 586, 594 (1890) (holding that matters related to child custody do "not depend upon any act of [C]ongress, or any treaty of the United States[,] or its [C]onstitution"); *Hunt*, 427 F.3d 727(holding that federal courts lack jurisdiction over matters related to child custody disputes); *Wideman*, 242 Fed. Appx. at 614 (holding that Colorado's important state interest in its child custody proceedings is "beyond dispute"). Like *Hunt* and *Wideman*, Plaintiff's federal claims also arise from Colorado child custody proceedings, which are an important state interest.

Accordingly, the Court finds that Plaintiff's federal claims clearly implicate Colorado's important state interest in adjudicating child custody and visitation disputes without unnecessary interference. This action satisfies the second prong of the *Younger* abstention doctrine test.

## C. Adequate Opportunity to Raise the Federal Claims

Defendant argues that Colorado state courts provide Plaintiff with an adequate opportunity to raise his federal claims. *Motion to Dismiss* [#8] at 7. The *Younger* abstention doctrine is invoked when the parties have an opportunity to fairly pursue their

constitutional claims in the ongoing state proceedings, regardless of whether they avail themselves of the opportunity. *Juidice*, 430 U.S. at 337. Moreover, state courts are the proper forum for resolving federal issues which arise in those courts. *Huffman*, 420 U.S. at 609 ("[W]e do not believe that a state's judicial system would be fairly accorded the opportunity to resolve federal issues arising in its courts if a federal district court [was] permitted to substitute itself for the state's appellate courts.").

In the case at bar, Plaintiff seeks a declaratory decree regarding Defendant's exercise of judicial discretion during child custody proceedings in Colorado state court. *Complaint* [#1] at 1. Plaintiff's constitutional claims clearly arise out of these ongoing state court child custody and visitation proceedings. Therefore, the proper forum for resolving these constitutional claims is the Colorado state court, which provides "an adequate opportunity to litigate any federal constitutional issues that may arise." *Wideman*, 242 Fed. Appx. at 614 (holding that "to the extent [Plaintiff's] complaints assert claims that involve matters still pending in Colorado state court, these claims are subject to dismissal pursuant to the *Younger* abstention doctrine").

Plaintiff argues that Defendant's "ignorance of [Colorado] statutes and rules of civil procedure" denies him an adequate remedy of law. *Response* [#16] at 2-3. However, Defendant's orders and judgments are fully reviewable by state district court judges, and thereafter by the Colorado appellate courts. C.R.M. Rule 7. Therefore, even assuming that Plaintiff's allegations regarding Defendant are true, the Colorado state courts afford an adequate opportunity to not only raise constitutional claims, but to also oversee that Defendant fairly and fully adjudicates Plaintiff's child custody proceedings in accordance with Colorado law.

Accordingly, the Court finds that Plaintiff's ongoing state court child custody proceedings in the Colorado state court and the availability of appellate state court review provide an adequate opportunity to raise federal claims. This action satisfies the third prong of the *Younger* abstention doctrine test.

**D. Exceptions to *Younger* Abstention Doctrine**

The Court further finds that this action contains none of the extraordinary criteria which might warrant an exception to the *Younger* abstention doctrine. *See Younger*, 401 U.S. at 45-46, 54. As a preliminary matter, the Court lacks an express authorization by Act of Congress to intervene with Plaintiff's state court child custody proceedings. *See* 28 U.S.C. § 2283.

Second, there is no showing that Defendant acted in bad faith or to harass Plaintiff while exercising her judicial discretion. *See Complaint* [#1]. In the Complaint, Plaintiff alleges only that Defendant deprived him of due process and equal protection by exercising her judicial discretion to benefit the mother. *Id.* at 1. In his Response, Plaintiff takes this contention further and argues that Defendant is biased against him, thus warranting federal jurisdiction over the ongoing state court child custody proceedings. *Response* [#16] at 3. Although the extraordinary circumstance of judicial bias is an exception to the *Younger* abstention doctrine, Plaintiff must offer "actual evidence to overcome the presumption of honesty and integrity in those serving as adjudicators." *Canatella v. California*, 404 F.3d 1106, 1112 (9th Cir. 2005) (citations and quotations omitted). Plaintiff has not provided the Court with any evidence that would support his conclusory allegation regarding Defendant's alleged bias.

Third, Plaintiff questions the legitimacy of Colorado's state judicial system and

12

argues that the Colorado state courts are incapable of fairly and fully adjudicating his federal claims. *Response* [#16] at 3. The Court finds that this contention is without merit. In addition, Defendant lawfully holds her position as a District Court Magistrate and is charged with presiding over Plaintiff's child custody proceedings in accordance with Colorado law. Colo. Rev. Stat. § 13-5-201 *et seq.*

Finally, Plaintiff's complaint does not allege that he will suffer any irreparable harm without this Court's intervention. *See Complaint* [#1]. Plaintiff seeks only a declaratory decree regarding his constitutional rights. *Id.* However, in his Response, Plaintiff argues that, without the Court's declaratory decree, both he and his child will suffer irreparable injury due to Defendant's indefinite denial of his parenting rights. *Response* [#16] at 4. To the contrary, Defendant's February 2008 order invited Plaintiff to file a motion to reset the trial, regardless of whether the mother had retained new counsel. *Complaint* [#1], Ex. B at 2. Accordingly, based upon the evidence presented to the Court, the "indefinite" restriction on Plaintiff's parenting time could be reasonably said to stem from his own delay in resuming the child custody proceedings.

### IV. Conclusion

The Court RECOMMENDS that the Motion to Dismiss be **GRANTED**. The *Younger* abstention doctrine prevents this Court from exercising subject-matter jurisdiction because Plaintiff's federal claims arise from ongoing child custody proceedings in Colorado state court, which provide the proper forum for raising those claims. Therefore, due to principles of comity, the Court must abstain from exercising jurisdiction over this action.[6] Finally, the

---

[6] Because the *Younger* abstention doctrine mandates that the Court abstain from exercising jurisdiction over this action, the Court does not consider Defendant's alternative

Court recommends that dismissal be entered without prejudice. *See Wideman*, 242 Fed. Appx. at 615 (holding that abstentions pursuant to the *Younger* abstention doctrine are jurisdictional and should be dismissed without prejudice).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of the Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: June 13, 2008

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix

---

grounds for dismissal. The Court notes that Plaintiff's Response [#16] does not address Defendant's alternative arguments.